IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| NORMAL BOSTIC, individually and as Administrator of the Estate of NORMAN SAMPLES,<br><br>Plaintiffs,<br><br>v.<br><br>GEORGIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO. 5:24-cv-406 (MTT)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

Defendants Georgia Department of Corrections ("GDC"), Tyrone Oliver, Stan Shepard,[1] Annettia Toby, Jeremy Foston, Sierra Harrison, Ulysses Floyd, Joseph Salad, Demarques Crayton, and Edward Saulsbury have moved to dismiss the plaintiffs' complaint on the grounds that it fails to state a claim, primarily, but not exclusively, because it is a shotgun complaint.  Doc. 24.

The plaintiffs' response brief (inaccurately titled a reply brief) repeatedly cites this Court's order in *Brooks v. Toby, et al.*, No. 5:24-cv-155-MTT (M.D. Ga.), and thus the Court assumes that plaintiffs' counsel have read *Brooks*.  Doc. 28.  Accordingly, the plaintiffs should know that to survive a motion to dismiss, it is necessary to allege what each defendant did.  The plaintiffs' amended complaint does not do that.  Moreover, the

---

[1] The Court has treated allegations against defendants Tyrone Oliver and Stan Shepard as allegations against Timothy Ward and Robert Toole, their predecessors.  *See* Doc. 26.  If in their complaint amended at the direction of this Order, the plaintiffs believe they can in good faith allege claims against Ward and Toole, they may do so.  Oliver and Shepard are dropped as parties.

amended complaint is not only a shotgun complaint; it is incomprehensible. Further, the plaintiffs' response brief largely ignores arguments raised in the motion to dismiss.

Accordingly, the defendants' motion to dismiss (Doc. 24) is **GRANTED** and the plaintiffs' amended complaint (Doc. 20) is **DISMISSED without prejudice**. The plaintiffs shall file a second amended complaint by **April 29, 2025**. In this second amended complaint, the plaintiffs shall state with specificity what each defendant did or did not do. Further, by **April 22, 2025**, the plaintiffs shall:

1. **SHOW CAUSE** why Counts III and IV are not duplicative of Counts I and II;
2. **SHOW CAUSE** why plaintiffs' 42 U.S.C. § 1983 claims against the GDC are not barred by Eleventh Amendment immunity and the text of 42 U.S.C. § 1983;
3. **SHOW CAUSE** why the plaintiffs' "Monell Liability" claim fails to state a claim for the reasons stated in *Brooks*; and
4. **SHOW CAUSE** why any claims brought pursuant to the Georgia State Tort Claims Act are not barred for lack of jurisdiction and the failure to provide proper ante litem notice.

**SO ORDERED**, this 9th day of April, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT