**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **NORMAN BOSTIC, Individually and As Administrator of the ESTATE OF NORMAN SAMPLES,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:24-cv-406 (MTT)** |
| **GEORGIA DEPARTMENT OF CORRECTIONS, et al.,** | ) | |
| **Defendants.** | ) | |

**ORDER**

The terms of the Stipulated Protective Order, as modified by the Court below, are incorporated as the Order of this Court. To the extent the Stipulated Order conflicts with the Scheduling Order, the Court's Scheduling Order controls, and the parties shall comply with its directive for discovery disputes.

THE COURT ALERTS THE PARTIES THAT IT HAS ADDED A FINAL ADDENDUM TO THIS PROTECTIVE ORDER THAT WAS NOT INCLUDED IN THE STIPULATED ORDER SUBMITTED TO THE COURT.

IT IS HEREBY SO ORDERED that:

The Court, having considered the joint request of the parties, with the consent of non-party the Georgia Department of Corrections ("GDC"), for entry of a confidentiality agreement and protective order governing GDC's production of records in response to Plaintiff's subpoena and the use of Confidential Information in this action, and finding

good cause under Federal Rules of Civil Procedure 26(c) and 45(d), hereby ORDERS as follows:

**1. Scope.** All materials produced or adduced during discovery, including documents produced by non-party GDC in response to a subpoena, initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. As used in this Order, "producing party" and "designating party" include non-party GDC. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

**2. Confidential Information.** As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within one or more of the following categories: (1) a "trade secret," as defined by Section 1(4) of the Uniform Trade Secrets Act, or for cases applying Georgia law, O.C.G.A. § 10-1-761(4); (2) personal identifying information, such as a Social Security number[1]; (3) personal health information protected by the Health Insurance Portability and Accountability Act; or (4) records deemed to be confidential state secrets, including but not limited to those documents set forth in O.C.G.A. § 42-5-36, as well as documents deemed to pose a risk to the security and safety of witnesses, law enforcement or correctional personnel, inmates, or the public.

[1]Social Security numbers may be partially redacted, leaving only the last four digits.

Information or documents that are available to the public may not be designated as Confidential Information.

**3. Designation.**

**(a)** A party, or non-party GDC, may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time the documents are produced or disclosed. Applying the marking "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

**(b)** The designation of a document as Confidential Information is a certification by an attorney or a party appearing pro se that the document contains Confidential Information as defined in this Order. The designation of any information as Confidential Information shall be made in good faith.

**4. Depositions.** Deposition testimony is protected by this Order only if designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the record at the time the testimony is taken. Such designation shall be specific as to the portions that contain Confidential Information. Deposition testimony so designated shall be treated as Confidential Information protected by this Order until fourteen (14) days after delivery of the transcript by the court reporter to any party or the witness. Within fourteen (14) days after delivery of the transcript, a designating party may serve a Notice of Designation to all parties of record, and to GDC if the testimony concerns documents GDC produced, identifying the specific portions of the transcript that are designated Confidential Information, and thereafter those portions identified in the Notice of Designation shall be protected under the terms of this Order. The failure to serve a timely Notice of Designation waives any designation of deposition testimony as Confidential Information that was made on the record of the deposition, unless otherwise ordered by the Court.

**5. Protection of Confidential Material.**

**(a) General Protections.** Confidential Information shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof.

**(b) Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)–(9). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

**(1) Counsel.** Counsel for the parties and employees of counsel who have responsibility for the action;

**(2) Parties.** Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary for the conduct of the litigation in which the information is disclosed;

**(3) The Court and its personnel;**

**(4) Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

**(5) Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

**(6) Consultants and Experts.** Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

**(7) Witnesses at Depositions.** During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as

Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

**(8) Author or Recipient.** The author or recipient of the document (not including a person who received the document during litigation); and

**(9) Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered, provided that such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

**(c) Control of Documents.** Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three (3) years after the termination of the case.

**6. Inadvertent Failure to Designate.** An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party or GDC designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated

this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to designate was inadvertent and where the material is subsequently designated Confidential Information.

**7. Filing of Confidential Information.** This Order does not, by itself, authorize the filing of any document under seal. Any documents (including briefs), tangible things, or information designated as Confidential Information that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial may retain their protected confidential status only upon the filing of a motion to seal, and entry of an order granting it, in accordance with Local Rule 5.4 and this Court's procedures for sealed documents in civil cases. Absent extraordinary circumstances making prior consultation impractical or inappropriate, the party seeking to file the documents shall first consult with counsel for the party or non-party who designated the document as confidential to determine if some measure less restrictive than filing the document under seal, such as redaction, may serve to provide adequate protection.

**8. No Greater Protection of Specific Documents.** Except on privilege grounds not addressed by this Order, no party or non-party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party or non-party moves for an order providing such special protection.

**9. Challenges by a Party to Designations as Confidential Information.** The designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

**(a) Meet and Confer.** A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within ten (10) business days.

**(b) Judicial Intervention.** A party that elects to challenge a confidentiality designation, after complying with subparagraph (a) and with the Court's pre-motion procedure for discovery disputes set forth in the Scheduling and Discovery Order, may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet-and-confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

**10. Action by the Court.** Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

**11. Use of Confidential Documents or Information at Trial.** Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

**12. Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

**(a)** If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three (3) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

**(b)** The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

**(c)** The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection

in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control Confidential Information designated by another party or by GDC.

**13. Challenges by Members of the Public to Sealing Orders.** A party or interested member of the public has a right to challenge the sealing of documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

**14. Obligations on Conclusion of Litigation.**

**(a) Order Continues in Force.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

**(b) Obligations at Conclusion of Litigation.** Within sixty-three (63) days after dismissal or entry of final judgment not subject to further appeal, the parties shall destroy all Confidential Information and documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" under this Order, including copies as defined in ¶ 3(a), and certify the fact of destruction, except that the receiving party shall not be required to locate, isolate, and destroy (1) e-mails (including attachments to e-mails) that may include Confidential Information; (2) Confidential Information contained in deposition transcripts or drafts of final expert reports; (3) documents that have been offered into evidence or filed without restriction as to disclosure; or (4) documents bearing the notations, summations, or other mental impressions of the receiving party.

**(c) Retention of Work Product and One Set of Filed Documents.** Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court, including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

**(d) Deletion of Documents Filed Under Seal from the Electronic Case Filing (ECF) System.** Filings under seal shall be deleted from the ECF system only upon order of the Court.

**15. Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

**16. No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and GDC and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel, the parties, or GDC is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**17. Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, non-party GDC, and persons made subject to this Order by its terms.

**SO ORDERED**, this 28th day of September, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

*Prepared and submitted, at the joint request of the parties and with the consent of non-party the Georgia Department of Corrections, by:*

/s/ Leitra Y. Maxwell

LEITRA Y. MAXWELL

Georgia Bar No. 063209

leitramaxwell@fbjlaw.com

FORREST B. JOHNSON & ASSOCIATES

201 Spring Street

Macon, Georgia 31201

(478) 257-6266 Telephone

(888) 298-0458 Facsimile

*Attorneys for Plaintiff*

/s/ Kenneth D. Crowder (w/ express permission)

KENNETH D. CROWDER

Georgia Bar No. 123985

ken@crowderstewart.com

/s/ David M. Stewart (w/ express permission)

DAVID M. STEWART

Georgia Bar No. 142029

david@crowderstewart.com

CROWDER STEWART LLP

Post Office Box 160

Augusta, Georgia 30903

(706) 434-8799

*Attorneys for Defendants*

/s/ Stanford N. Klinger

STANFORD N. KLINGER

Georgia Bar No. 425191

stanklinger@fbjlaw.com

OF COUNSEL TO FORREST B. JOHNSON

& ASSOCIATES

1745 Martin Luther King, Jr. Dr. NW

Atlanta, Georgia 30314

(404) 758-9111 Telephone

/s/ Elizabeth Crowder (w/ express permission)

ELIZABETH M. CROWDER

Georgia Bar No.

ecrowder@law.ga.gov

GEORGIA DEPARTMENT OF LAW

40 Capitol Square SW

Atlanta, Georgia 30334

(404) 458-3220 Telephone

*Counsel for Non-Party Georgia*

*Department of Corrections*

ADDED BY THE COURT: The Court finds that good cause exists for the entry of this Order with the following condition. Notwithstanding anything to the contrary in the foregoing order, the Court finds that it shall not apply to exclude evidence from public disclosure when that evidence is relied upon in support of or opposition to any motion or relevant in any hearing or trial.

If a party seeks to rely upon any evidence covered by this protective order in support of or in opposition to any motion or during any hearing or trial, that party shall notify the opposing party at least 14 days prior to filing the motion and/or 14 days prior to the hearing or trial. The party opposing public disclosure shall have 7 days to file a motion to require the materials to be filed restricted to case participants. The motion shall: (1) briefly state a compelling reason in support of the request to file the information restricted to case participants; (2) certify that the party has conferred with opposing counsel; (3) identify the number of documents that the party anticipates will need to be filed restricted to case participants; and (4) describe the information that will be redacted.

The Court will closely scrutinize any such requests at that time, with the presumption that any evidence shall be part of the public record. Accordingly, when materials are to be used in the foregoing manner, a party will not be allowed to file the materials restricted to case participants simply because they are covered by this discovery protective order. If it becomes necessary to reference designated-confidential materials in an order, the Court will reassess whether the materials shall remain confidential.

If the Court grants the motion to file the materials restricted to case participants, the party relying on the evidence covered by this protective order shall do the following:

First, the party will file the redacted documents on the public docket. For example, if a party is relying on protected information in support of a motion for summary judgment, the party will file the memorandum in support of the motion and *all* exhibits *in one docket entry* with redactions where appropriate. It is not appropriate to redact an entire document or file a “placeholder” (i.e., a document that simply directs a reader to a restricted document). It is not appropriate to have separate docket entries for motions and exhibits.

Second, the party will file a “copy” or “mirror image” of the entire first filing without redactions as restricted to case participants. For example, if a party is relying on protected information in support of a motion for summary judgment, the party will re-file the memorandum in support of the motion and re-file *all* exhibits (even exhibits that were not redacted) *in one docket entry* without redactions. It is not appropriate to have separate docket entries for motions and exhibits. **The exhibit numbers and CM/ECF page numbers of the second filing should match the exhibit numbers and CM/ECF page numbers of the first filing.** The party should identify the redacted information using a red box. The party must complete this second filing the same day as the first filing.

If the response (and reply) to a motion filed restricted to case participants also refers to protected information, the party will file the response (and reply) as follows:

First, the party will file their response and any exhibits *in one docket entry* and *with redactions* on the public docket. It is not appropriate to redact an entire document

or file a placeholder. It is not appropriate to have separate docket entries for responses and exhibits.

Second, the party will file their response and any exhibits *in one docket entry* and *without redactions* as restricted to case participants. It is not appropriate to have separate docket entries for motions and exhibits. **The exhibit numbers and CM/ECF page numbers of the second filing should match the exhibit numbers and CM/ECF page numbers of the first filing.** The party should identify the redacted information using a red box. The party must complete this second filing the same day as the first filing.

To file documents restricted to case participants, the party will select "restricted document – pursuant to protective order ONLY" under Other Documents in CM/ECF. The party will follow all of the prompts, including attaching the requested documents. The party will link the restricted filing to the public filing. Before submitting the entry, please review the text box to ensure the name description and document links are correct. If the party has questions regarding filing these restricted documents, the party will contact Kim Tavalero, Courtroom Deputy, at 478.752.0717 or kim_tavalero@gamd.uscourts.gov.

**SO ORDERED**, this 28th day of September, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

**ATTACHMENT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| NORMAN BOSTIC, Individually and as Administrator of the ESTATE OF NORMAN SAMPLES,<br><br>Plaintiff,<br><br>v.<br><br>GEORGIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>Defendants. | ) | CIVIL ACTION NO. 5:24-cv-00406-MTT |

**ACKNOWLEDGMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he or she has read the Confidentiality Agreement and Protective Order dated ____________________, 2026, in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Middle District of Georgia in matters relating to the Confidentiality Agreement and Protective Order and understands that the terms of the Order obligate him or her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm, or concern.

The undersigned acknowledges that violation of the Confidentiality Agreement and Protective Order may result in penalties for contempt of court.

Name: ______________________________________________

Job Title: ______________________________________________

Employer: ______________________________________________

Business Address: ______________________________________________

Date: ______________________________________________

Signature: ______________________________________________

## CERTIFICATE OF SERVICE

I hereby certify that I have this day e-mailed a copy of the foregoing proposed CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER, in Word format, to the Court at macon.ecf@gamd.uscourts.gov, with a copy by electronic mail to all counsel of record and to counsel for non-party the Georgia Department of Corrections, as follows:

KENNETH D. CROWDER
ken@crowderstewart.com
DAVID M. STEWART
david@crowderstewart.com
CROWDER STEWART LLP
Post Office Box 160
Augusta, Georgia 30903

*Attorneys for Defendants*

ELIZABETH M. CROWDER
ecrowder@law.ga.gov
GEORGIA DEPARTMENT OF LAW
40 Capitol Square SW
Atlanta, Georgia 30334

*Counsel for Non-Party Georgia Department of Corrections*

This 24th day of September, 2026.

/s/ Leitra Y. Maxwell
LEITRA Y. MAXWELL
Georgia Bar No. 063209
leitramaxwell@fbjlaw.com
FORREST B. JOHNSON & ASSOCIATES
201 Spring Street
Macon, Georgia 31201
(478) 257-6266 Telephone
(888) 298-0458 Facsimile

*Attorney for Plaintiff*